IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN BECKER,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNITED STATES POSTAL SERVICE,<br>POSTMASTER GENERAL LOUIS DEJOY,<br>MARK DIMONDSTEIN, PRESIDENT OF<br>THE AMERICAN POSTAL WORKERS,<br>AND FREDRIC V. ROLANDO, PRESIDENT<br>OF NATIONAL ASSOCIATION LETTER<br>CARRIERS,<br><br>        Defendants.<br>. | 8:20CV00394<br><br><br>BRIEF IN SUPPORT OF FEDERAL<br>DEFENDANTS' MOTION TO DISMISS,<br>OR IN THE ALTERNATIVE, MOTION<br>FOR SUMMARY JUDGMENT |

## **INTRODUCTION**

Federal Defendants United States Postal Service ("USPS") and Postmaster General Louis DeJoy ("DeJoy") should be dismissed from this suit because this Court lacks jurisdiction to hear Plaintiff's due process constitutional claim against the USPS, a federal agency, and Postmaster DeJoy in his official capacity.  Further, Plaintiff failed to exhaust her administrative remedies to challenge her debts to the USPS, and any claim by Plaintiff to challenge to the USPS collection of debt is now untimely.  In the alternative, summary judgment should be granted for the Federal Defendants, and the claims against them dismissed.

**STATEMENT OF FACTS**

The following facts are offered as not in dispute from Plaintiff's Complaint (Filing 1-1),[1]
and the documents attached to the Defendants' Index of Evidence (Filing 25), including the
Declaration of Orlando H. Martinez (Filing 25-1) (hereinafter, "Martinez Decl.").

1.      Plaintiff is a former employee of the USPS.  She worked as a full time mail carrier
and a part time mail clerk.  (Filing 1-1).

2.      Plaintiff received a portion of a settlement between the USPS and the American
Postal Workers Union, AFL-CIO Global Settlement Remedy Agreement.   This arbitration
involved the year 2011.  (Filing 1-1).

3.      In April 2017, Plaintiff received a letter from USPS demanding she pay back over
$3,000 of her portion of the settlement proceeds.  (Filing 1-1).

4.      Plaintiff began making payments on this debt in 2017, but she stopped making
payments on or about September 15, 2017.  (Filing 25-1, Martinez Decl. ¶ 15 & Ex A, pp. 3-4).

5.      In December 2017, Plaintiff worked at the Post Office in Evans, Colorado.  (Filing
25-1, Martinez Decl. Ex. A).

6.      On or about December 6, 2017, USPS provided Plaintiff with another copy of a
Letter of Demand for Indebtedness related to the national grievance action for clerks.  This debt
was assigned Invoice Number 702802638.  The amount of Plaintiff's debt related to the national
grievance action for clerks was $4,448.75.  (Filing 25-1, Martinez Decl. ¶ 7, Ex. A, p. 1).

7.      On that date, USPS also provided Plaintiff a Letter of Demand for Indebtedness for
overdrawn sick or annual leave related debt.  This debt was assigned Invoice Number 702831423.

---

[1]   Federal Defendants do not admit the truth of Plaintiff's allegations.  The facts as pled in the
Complaint are assumed as only asserted by Plaintiff for the purpose of this motion only.

The amount of Plaintiff's debt resulting from overdrawn annual and/or sick leave was $1,976.24. (Filing 25-1, Martinez Decl. ¶ 6, Ex. A, p. 2).

8.      The Letter of Demand for Indebtedness for Invoice Number 702802638 and Invoice Number 72831423 set out the process a USPS employee can take to challenge the debt.  A USPS employee has the right to file a grievance under the Grievance-Arbitration procedures as set forth in Article 15, section 2 of the National Agreement.  Any grievance must be filed within fourteen (14) days of the date on which the employee or the union first learned, or may reasonably been expected to learn, of the debt.  (Filing 25-1, Martinez Decl., Ex A, pp. 1-2).

9.      USPS has searched for any grievance filed by Plaintiff in Colorado related to her 2017 debts to USPS.  Based on this search, USPS in Colorado has not received any grievance from Plaintiff from 2017 to December 9, 2020, regarding any debt owed to or collected by USPS from Plaintiff.  (Filing 25-1, Martinez Decl. ¶¶ 12-13).

10.     The USPS collected a portion of the Plaintiff's debt through the USPS Accounting Service Center in Eagan Minnesota related to Invoice Number 702831423 (overdrawn sick or annual leave) and Invoice Number 702802638 (related to the national grievance action for clerks). (Filing 25-1, Martinez Decl. ¶ 15 & Ex. A, p. 3).

11.     Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint in April 2018.  (Filing 25-1, Martinez Decl. ¶¶  5, 10 & Ex. C, p. 1).  In her formal EEO complaint, Plaintiff made two claims alleging discrimination by USPS.  One claim was that "On December 18, 2017, [she] received a Letter of Demand for Indebtness".  (Filing 25-1, Martinez Decl. ¶ 10 & Ex. C, p. 1).

12.     On April 26, 2018, the USPS National EEO Investigative Services Office issued a Partial Dismissal of Plaintiff's Formal EEO Complaint, dismissing the Plaintiff's claim related to

3

the December 18, 2017 Letter of Demand for Indebtedness.  (Filing 25-1, Martinez Decl. ¶ 10 &

Ex. C).  The Decision noted that:

> In your complaint you stated that you received two Letters of Demand to collect a
> debt that you allegedly owe the agency.  Thee record reveals you were issued
> payroll related debts due to a grievance overpayment that occurred in 2011 as well
> as overdrawn annual and/or sick leave.  This issue that was raised in your complaint
> falls within the Debt Collection Act.  The Commission does not have jurisdiction
> over Debt Collection Act disputes.

Filing 25-1, Martinez Decl. ¶ 10 & Ex. C, p. 2.

13.     According to Plaintiff, USPS "had the IRS take" seized her federal tax refunds in

2018 and 2019 in payment of the debt related to the national grievance action for clerks. (Filing 1-

1).

14.     USPS made a query to the USPS Finance Department to see if there was any

outstanding debt owed by Plaintiff.  If a USPS employee or former employee owes a debt to USPS,

then the debt will go through the USPS Finance Department, and they will work to collect on that

debt.  Based on this query, there are no outstanding debts due from Plaintiff to USPS.  (Filing 25-

1, Martinez Decl. ¶ 14).

15.     According to the USPS Finance Department, Plaintiff voluntarily made some

payments on her debt to USPS, but she did not submit payments for the entire amount.  USPS

transferred the remaining debt to the United States Department of Treasury, and DOT collected

the remaining amount of the debts from Plaintiff.  (Filing 25-1, Martinez Decl. ¶ 15 & Ex. A, p.

3).

16.     A USPS employee or former employee that owes a debt to USPS has the option of

requesting a hearing before the U.S. Judicial Officer Department ("USJOD") challenging the debt.

The USJOD is referred to the Debt Collection Court or "DCA Court".  The employee, or former

employee, has the right to file a petition with the USJOD under section 5 of the Debt Collection

Act within fifteen (15) days of receiving notice of the debt from the USPS.  (Filing 25-1, Martinez Decl. ¶ 17).

17.     Plaintiff did not file any petition to contest her debts with the USDOJ from 2014 through December 9, 2020.  (Filing 25-1, Martinez Decl. ¶ 18).

## STANDARDS OF REVIEW

I.     MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1).

Suits are subject to dismissal when the court lacks subject matter jurisdiction to hear the matter.  Fed. R. Civ. P. 12(b)(1).  The party asserting jurisdiction bears the burden of proving that jurisdiction is proper.  Great Rivers Habitat Alliance v. FEMA, 615 F.3d 985, 988 (8th Cir. 2010).  The Court, however, has "wide discretion" to decide the process with which its jurisdiction can best be determined.  Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008) (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)).  "Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts."  Rodeghier v. U.S., No. 4:19-CV-3076, 2020 WL 1441708, at *3 (D. Neb. Mar. 24, 2020)  (citing Jessie v. Potter, 516 F.3d 709, 712 (8th Cir. 2008)).

A court must distinguish between a "facial attack" and a "factual attack".  Rodeghier, 2020 WL 1441708, at *3, (citing Branson Label, Inc. v. City of Branson, Mo., 793 F.3d 910, 914 (8th Cir. 2008)). In a facial attack, the Court determines if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction.  Id.  In a factual attack, jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits may be considered.  Branson Label, 793 F.3d at 914.  In such a challenge, the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990)

5

II.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6).

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations of the complaint to be true and determine whether the allegations contained within the complaint show that the plaintiff is entitled to relief.  Bell Atlantic Corp v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007).  The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief.  Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate.  Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008) (internal citations omitted).

III.    MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Federal Rule of Civil Procedure 56(a) provides summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In considering a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, and gives the nonmoving party the benefit of all reasonable inferences to be drawn from the evidence.  Russell v. Men's Warehouse, Inc., 170 F.3d 1156, 1157 (8th Cir. 1999).

**ARGUMENT**

IV.    PLAINTIFF CANNOT MAINTAIN A BIVENS ACTION AGAINST THE UNITED STATES POST SERVICE OR POSTMASTER DEJOY IN HIS OFFICIAL CAPACITY.

Plaintiff generally raises a Constitutional claim alleging a due process violation.  Filing 1-1, p. 1.  Plaintiff's constitutional claim should be dismissed because such claim cannot be brought against USPS or Postmaster DeJoy in his official capacity.

The doctrine of sovereign immunity bars any suit against the United States, its agencies, and its employees acting in their official capacities, unless Congress has specifically consented to

6

waive such immunity.  F.D.I.C. v. Meyer, 510 U.S. 471 (1994).  "If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit."  Moore v. Gerrard, No. 4:15CV3140, 2016 WL 8376696, at *1 (D. Neb. Feb. 22, 2016), aff'd, 667 F. App'x 582 (8th Cir. 2016) (citing F.D.I.C. v. Meyer, 510 U.S. at 475; United States v. Sherwood, 312 U.S. 584, 586 (1941)).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  F.D.I.C. v. Meyer, 510 U.S. at 475.

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that a plaintiff can bring a cause of action against a federal official acting in his individual capacity for violations of constitutionally protected rights.  See Buford v. Runyon, 160 F.3d 1199, 1203 n. 6 (8th Cir. 1998).  Bivens provides for a limited waiver of sovereign immunity.  It is well settled that a Bivens action "cannot be prosecuted against the United States and its agencies because of sovereign immunity."  Buford, 160 F.3d at 1203.  See also, F.D.I.C. v. Meyer, 510 U.S. 471, 485 (1994) (holding that a Bivens claim cannot be brought against a federal agency because it would allow claimants to "bypass qualified immunity").  As such, Plaintiff cannot bring a Bivens claim against Defendant USPS, a federal agency.  Accordingly, Plaintiff's Constitutional claim against USPS or Postmaster DeJoy are barred by sovereign immunity, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Similarly, federal employees sued in their official capacities have sovereign immunity from Bivens actions.  In Buford, the Eighth Circuit Court of Appeals found that a suit against the Postmaster General in his official capacity is a suit against the Postal Service, and thus, barred by sovereign immunity.  See also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (finding that a suit against a federal officer acting in an official capacity is a suit against the United States); Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000).  "While a Bivens action may be maintained against federal officials in their individual capacity for constitutional torts committed personally, such an

7

action may not be asserted against the United States, its agencies, or against federal employees in their official capacity." Hudson v. Strom, No. 8:06CV544, 2006 WL 2376917, at *1 (D. Neb. Aug. 16, 2006). See also Chavez-Garcia v. Kopf, No. 4:06CV3114, 2006 WL 1401686, at *1 (D. Neb. May 18, 2006) ("[A] Bivens action does not state a viable cause of action against the defendant in his official capacity.")

Plaintiff does not state whether she is suing Postmaster DeJoy in his official or individual capacity (see Filing 1-1, p. 1). Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); see also Baker v. Chisom, 501 F.3d 920, 923, 925 (8th Cir. 2007). Where a complaint does not "expressly and unambiguously" state that a defendant is sued in his individual capacity, the court assumes that the defendant is sued only in his official capacity. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Therefore, Plaintiff's Constitutional claim against Postmaster DeJoy is barred by sovereign immunity.

Plaintiff's allegation that Federal Defendants violated her Constitutional rights to due process are barred by sovereign immunity. Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

V.    PLAINTIFF CANNOT BRING A CLAIM UNDER THE DEBT COLLECTION ACT BECAUSE SHE FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

Plaintiff seeks monetary damages because the United States Department of Treasury seized Plaintiff's 2017 and 2018 tax refunds to satisfy two debts that Plaintiff owed to USPS. Plaintiff's complaint is not clear of the specific statute that she is raising her Complaint.

Plaintiff was notified of the debts through an April 2017 Letter of Demand from USPS regarding repayment of a prior agreement settlement on a national grievance, and a December

2017 Letter of Demand from USPS regarding overpayment of annual and/or sick leave. Plaintiff has not specifically alleged a claim pursuant to the Debt Collection Act, 31 U.S.C. § 3711 et seq. The Debt Collection Act mandates that monetary disputes involving an agency of the United States government and any claimed debtor must be resolved through the provisions of the Debt Collection Act. Even if Plaintiff had alleged a claim pursuant to the Debt Collection Act, this Court lacks jurisdiction because Plaintiff failed to exhaust her administrative remedies to bring a claim under the Debt Collection Act.

An employee may challenge a debt by filing a timely grievance. The grievance process is governed by the Grievance-Arbitration Procedures as set forth in Article 15, Section 2 of the National Agreement.

Petitions to the JOD are governed by 39 C.F.R. Part 966, Rules of Practice in Proceedings Relative to Administrative Offsets Initiated Against Former Employees of the USPS, which applies to petitions brought by former employees to challenge administrative offset collections under 31 U.S.C. § 3716. See 39 C.F.R. § 966.2(a)(2). A former employee may challenge an administrative offset by USPS by filing a timely petition to the JOD. 39 C.F.R. § 966.2. A USPS employee or former employee that owes a debt to USPS has the right to file a petition with the JOD under section 5 of the Debt Collection Act within 15 days of receiving notice of the debt from the USPS. (Filing 25-1, Martinez Decl. ¶ 17).

USPS provided Plaintiff a Letter of Demand for Indebtedness related to the overdrawn sick or annual leave on or about December 18, 2017. (Filing 25-1, Martinez Decl. Ex. A, p. 2). The Plaintiff did not file a grievance within fourteen days of receiving this Letter of Demand in Colorado. (Filing 25-1, Martinez Decl. ¶ 13). Plaintiff did not file a petition to challenge this debt with the USPS JOD after receiving the Letter of Demand. (Filing 25-1, Martinez Decl. ¶ 18). As

such, Plaintiff did not exhaust her administrative remedies for the debt related to overdrawn annual or sick leave, Invoice Number 702831423.

With respect to the debt related to the grievance settlement for clerks, Plaintiff acknowledges she received notice of this debt in April 2017. (Filing 1-1). Plaintiff made payments on this debt until September 2017, so she was aware of the debt. (Filing 25-1, Martinez Decl. Ex. A, p. 3). After Plaintiff stopped making payments, USPS Finance Department referred the remaining amount of the debt to the Department of Treasury for collection. (Filing 25-1, Martinez Decl. ¶ 15). Plaintiff has not alleged that she filed a grievance regarding this debt in April 2017, and she has sued the National Association of Letter Carriers ("NALC") alleging they failed to represent Plaintiff in the grievance process. (Filing 18-1, p. 2). Plaintiff did not file a petition to challenge this debt with the USPS JOD within fifteen days of receiving the Letter of Demand. (Filing 25-1, Martinez Decl. ¶ 18). As such, Plaintiff did not exhaust her administrative remedies for the debt related to the grievance settlement for clerks from 2011, Invoice Number 702802638.

The Complaint, on its face, does not show that Plaintiff met the requirements of filing a grievance or petition to the JOD to challenge her debt. In the alternative, the additional evidence presented by the Federal Defendants supports the Court granting summary judgment to the Federal Defendants. Plaintiff's challenges to the collection of Plaintiff's tax refunds to satisfy her debts fail because Plaintiff failed to file a timely grievance or any petition to the JOD. Plaintiff is now time-barred from filing a grievance or petition to the JOD. Therefore, USPS and Postmaster DeJoy should be dismissed from the Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (Filing 1-1) should be dismissed against the Federal Defendants. In the alternative, summary judgment should be ordered for Federal Defendants. And the claims against Federal Defendants dismissed.

10

Respectfully submitted,

UNITED STATES POSTAL SERVICE, and
POSTMASTER GENERAL LOUIS DEJOY,
Defendants,

By:    JOSEPH P. KELLY
        United States Attorney
        District of Nebraska


And:    s/ Lynnett M. Wagner
        LYNNETT M. WAGNER, #21606
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE 68102-1506
        Tel: (402) 661-3700
        Fax: (402) 661-3081
        Email: lynnett.m.wagner@usdoj.gov


## CERTIFICATE OF COMPLIANCE

        Pursuant to NECivR 7.1(d)(3), I hereby certify that this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Office Word 2016, this document contains    3,178    words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

        s/ Lynnett M. Wagner
        Assistant United States Attorney