

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

OFFICE OF
CHIEF COUNSEL

August 3, 2005

Number:  **INFO 2005-0146**

Release Date:  9/30/05
UIL:  9999.98-00

CC:TEGE:EOEG:ET2:

GENIN-121396-05

Reference:            Salary overpayments

Dear                :

This responds to your              email, requesting assistance regarding the proper tax treatment of salary overpayments made to employees of            (the Employer).

In your email you present two situations in which salary overpayments occur.  In situation one, annual leave is advanced to employees at the beginning of the year.  Some employees use unearned advanced leave and then terminate their employment with the Employer before they have earned the amount of advanced leave actually used.  In this situation, the employees have been paid more than the proper amounts of compensation and the Employer attempts to collect the overpayment amounts from the employees.  In situation two, employees receive salary overpayments as a result of administrative errors.  When such an error is made, the Employer attempts to collect these overpayment amounts from the employees.

As a preliminary matter, apart from the procedure for issuing a formal opinion as described in Revenue Procedure 2005-1, 2005-1 I.R.B. 1, the Internal Revenue Service is not able to provide binding legal advice applicable to particular taxpayers.  In the absence of a request for formal guidance, we are only able to provide general information.  Accordingly, in response to your request, we have reviewed the facts provided and set forth below general information, which we hope will be helpful to you.

In both situations the issue is the same: for tax purposes, how should an employer treat amounts paid to an employee when the employee is in receipt of money that he or she

GENIN-121396-05                    2

has an obligation to return to the employer?  The tax consequences vary depending on whether repayment occurs in the same year as the original payment or in a subsequent year.  Amounts that are not repaid in the same year as the original payment must be included in income and wages and reported as such on the employee's Form W-2 for the year of receipt.  Conversely, amounts repaid in the same year as the original payment are excluded from income and wages and need not be reported on the employee's Form W-2 for the year of receipt.

**Income Tax Treatment of Wage Repayments**

Section 61 of the Internal Revenue Code provides that, except as otherwise provided, gross income means all income from whatever source derived.

A cash basis taxpayer is ordinarily taxable in each year on all income received in the year under a claim of right and without restriction as to its use.  North American Oil Consolidated v. Burnet, 286 U.S. 417 (1932).  Thus, in Rev. Rul. 70-177, the Service held that, for purposes of section 3402(a) of the Code (federal income tax withholding), the amount of an erroneous salary payment received by a federal employee was "wages" subject to income tax withholding, and, therefore, to the extent that there has been no repayment of such amount by the employee within that same year, the Form W-2 must reflect the full amount received by the employee in that year.

The federal income tax consequences of the repayment of wages previously received under a claim of right depends upon the year of repayment.  If repayment is made in the same calendar year that the wages were received under a claim of right, the amount is excluded from gross income.  The repayment results in a reduction in gross income and wages rather than a deduction.  See Couch v. Commissioner, 1 B.T.A. 103 (1924), acq., IV-1 C.B. 1  (1925).  (However, for the amount repaid to be excludable from income, it must not be a repayment of an independent collateral obligation.  See Butchko v. Commissioner, 638 F.2d 1214 (9th Cir. 1981).)  Conversely, if a repayment is made in a calendar year subsequent to receipt of the amount, the amount is included in gross income in the year that it is received under the claim of right doctrine and the taxpayer is entitled to a deduction for the amount of the repayment in the year the repayment is made.  See Rev. Rul. 67-48, 1967-1 C.B. 50; Healy v. Commissioner, 345 U.S. 278 (1953); and Oswald v. Commissioner, 49 T.C. 645 (1968), acq., 1968-2 C.B. 1.

In Rev. Rul. 79-311, two individuals (A and B) employed by a company beginning in 1975 received semimonthly payments for commissions earned or to be earned, from which federal employment taxes were properly withheld.  The gross amount advanced to each employee as commissions earned or to be earned aggregated $9,600 in 1975.  An additional $800 was advanced to B during 1976.  However, each employee earned only $8,640 of commissions during 1975, and B earned only $720 of commissions in 1976.  A resigned on December 31, 1975, and B resigned on February 5, 1976.  Pursuant to express provisions of the contract of employment of each employee, each

GENIN-121396-05                                        3

repaid the company at the time of resignation the excess amount advanced to each.

Rev. Rul. 79-311 held that, generally, the advances were income to the employees at the time of receipt. With respect to the advances that were repaid in the same year they were received, such advances were held to be excludable from the gross income of the employee. See Couch, cited above. With respect to the excess advances that were repaid by B in the year subsequent to the year received, the ruling holds that B may not exclude from B's gross income the amount of such repayments. The ruling concludes that B is entitled to a deduction in the year of repayment of that portion of the repayment used to restore advances received in prior years. The ruling concludes that the repayment is deductible from B's adjusted gross income in computing taxable income and is allowable only if B itemizes deductions.

Accordingly, wages paid in error in a prior year remain taxable to the employee for that year. This is because the employee received and had use of those funds during that year. The employee is not entitled to file an amended return to recover the income tax on these wages. Instead the employee is entitled to a deduction in the year of repayment. The same income tax treatment applies irrespective of whether the employee has agreed to repay the excess wages or established a repayment plan. If the employee repays excess wages in the same year as the original payment, the Employment Tax Regulations provide procedures for the employer to follow in order to recover the income taxes withheld from the excess wage amount and paid over to the IRS. Under these procedures, the employer can claim a credit on the quarterly return for the quarter in which the repayment occurs, or file a claim for refund. However, it is important to note that this procedure may only be used for wage repayments made in the same year as the original payment. Employers may not claim a credit or seek a refund for excess income tax withholding after the close of the calendar year in which the taxes were withheld.

**FICA Tax Treatment of Wage Repayments**

Federal Insurance Contributions Act (FICA) taxes are imposed on "wages" paid with respect to "employment", as those terms are defined in Code section 3121(a) and (b), respectively. These taxes are imposed on both the employer and the employee. Code sections 3101(a) and (b) impose the employee portion of FICA. Code section 3111(a) and (b) impose the employer portion of FICA. Employers who pay wages with respect to employment are generally required to file Form 941, Employer's Quarterly Federal Tax Return.

If more than the correct amount of Federal Insurance Contributions Act (FICA) tax is paid with respect to any payment of remuneration, the Employment Tax Regulations provide procedures for use by employers in recovering the excess FICA taxes. These procedures generally provide that the employer should reimburse employees for the

GENIN-121396-05                              4

excess employee portion of FICA, and then claim a credit on their next quarterly return for both the employee and employer portions of FICA attributable to the excess wage payment, or file a claim for refund of such amounts.  The procedures for claiming a credit or filing a claim for refund of the employer portion of FICA require the employer to reimburse the employee in the amount of the overcollection and obtain and keep as part of its records a receipt showing the date and amount of repayment and a written statement that the employee has not and will not claim any refund or credit (or if the employee has filed a claim, that such claim has been rejected).

The effect of these procedures on repayments of wages is illustrated in Rev. Rul. 79-311.  Under the facts of the ruling, B received excess commissions in 1975 that he was required to repay in 1976.  FICA taxes had been withheld from the excess commissions paid in 1975.  The ruling holds that B should be given credit for the FICA employee taxes deducted in 1975 pursuant to section 6413(a) of the Code and section 31.6413(a)-1(b)(1) of the regulations.  The adjustment with respect to the excess commissions paid to B in 1975 was reported on the next Form 941 filed by the company, the Form 941 for the first quarter of 1976.  Also, at the time the adjustment was reported on Form 941, the employer furnished B with a 1975 Form W-2 marked "Corrected by Employer" showing B's corrected FICA employee tax pursuant to section 31.6051-1(c) of the regulations.  The Company also obtained credit or refund of the employer's FICA tax attributable to the excess commissions repaid by B pursuant to section 6413 of the Code and the regulations.

The FICA tax consequences of the repayment of an excess salary distribution which was previously included in FICA wages in a prior year are as follows provided the applicable statute of limitations is met and provided that additional FICA taxes were paid because of inclusion of the excess salary distribution in wages (i.e., the employee's other remuneration for employment paid by the Employer during the prior year did not equal or exceed the maximum wage base for that prior year).  The repayment of the excess salary distribution by the employee creates an overcollection and overpayment of FICA taxes for that year.  Actual repayment of wages by the employee to the employer (through payroll deduction or otherwise) must occur before an overpayment exists.  The mere fact that it is established that an employee received an excess wage payment in a prior year (and is liable to the employer for such repayment) does not create an overpayment of FICA taxes in the prior year.  If the employee does not repay the excess salary distribution the employee is still in actual receipt of the wages in question, and thus, such amounts remain wages and no overpayment exists.

The actual repayment of an excess salary distribution by an employee (or former employee) to the Employer creates an overcollection and overpayment of FICA taxes for the year in which the excess salary distribution was made to the extent inclusion of the excess salary distribution in wages for that year had resulted in additional FICA tax liability for that year and provided the requirements of the applicable statute of limitations are satisfied.  An overcollection or overpayment of FICA taxes does not exist

GENIN-121396-05                                  5

unless actual repayment of amounts received as excess salary distributions is made.

After the Employer repays or reimburses an employee in the amount of an overcollection of employee FICA taxes, as provided in section 31.6413(a)-1(b)(1) of the regulations, the Employer may claim credit for both the employee and the employer portions of FICA on its quarterly return for the quarter in which the repayment is made by the employee.  Alternatively, the Employer may file a claim for refund (Form 843) with respect to such amount.

Repayments made in subsequent years do not reduce the amount of wages paid to the employee for FICA, FUTA, and federal income tax withholding purposes in the year of the repayment.  Thus, any remuneration for employment which is used to repay the excess salary distribution through payroll deduction is not excludable from wages for FICA, FUTA, and federal income tax withholding purposes.

Pursuant to section 31.6051-1(c) of the regulations, to the extent repayments of excess salary distributions made by an employee result in a reduced amount of FICA wages for the year in which the original excess salary distribution was made and reduced amounts of employee FICA taxes paid for that year, the Employer is required to furnish corrected Forms W-2 for that year showing the employee's corrected "social security wages" and corrected "social security tax withheld."  No changes should be made in the entries for "wages, tips, other compensation" or for "federal income tax withheld."

**Gross vs. Net Account Receivable**

You have also requested our views on whether the Employer should establish accounts receivable for the gross amount of excess wages (including amounts withheld and paid to the IRS as FICA taxes and income tax withholding) or the net amount of excess wages (not including amounts withheld and paid to the IRS as FICA taxes and income tax withholding).  Although this is a business decision that only the Employer can make, we note that the Employer will not be made whole unless the gross amount is repaid.  Moreover, the Employer is not authorized to claim a credit or refund of the excess income tax withholding after the close of the calendar year in which the original payment was made.  Thus, if the Employer only establishes accounts receivable for the net amount, and the employee fails to repay the excess wages in the same calendar year as the original payment, the Employer will never be able to recover the amounts withheld as income taxes.  We note also that, as discussed above, the Employer is not entitled to recover the excess FICA until the wages are repaid because the repayment itself causes an overpayment.  Accordingly, if the wages are never repaid, there will be no FICA overpayment.

**Statute of Limitations**

Under Section 6511 of the Code, a taxpayer has a limited time period within which to file

GENIN-121396-05 6

a claim for a credit or refund of overpaid taxes. The time period is either: (a) the later of 3 years from the time the return for that year was filed or 2 years from the time the tax was paid; or (b) if the taxpayer did not file a return, within 2 years from the time the tax was paid.

With respect to the credit or refund of FICA taxes, Code section 6513 provides: (1) a return for any quarterly period ending with or within a calendar year which is filed before April 15 of the following calendar year is considered filed on April 15 of the following calendar year and (2) a tax paid with respect to remuneration or other amount paid during any period ending with or within a calendar year, which tax is paid before April 15 of the succeeding calendar year, is considered paid on April 15 of the succeeding calendar year.

If the Employer has filed all returns and paid all taxes properly and timely as required by law, any returns filed and taxes paid with respect to wages paid in one year would be deemed filed and paid on April 15 of the subsequent year. As mentioned above, any recovery of salary overpayment amounts by the employer from an employee may create a FICA overpayment. This FICA overpayment relates to the year in which the wages were initially paid to the employee, and for purposes of the statute of limitations the associated return would be deemed filed and the taxes would be deemed paid on April 15 of the subsequent year. Thus, the Employer would have three years from that date to make an adjustment or file a claim for refund as described above. After the limitation period has expired, no adjustment or refund is possible.

If you have any further questions, please contact                                                         .

Sincerely,

Lynne Camillo
Chief, Employment Tax Branch 2
Office of the Division Counsel/Associate
Chief Counsel
(Tax Exempt and Government Entities)