IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE;<br>POSTMASTER GENERAL, LOUIS DEJOY;<br>MARK DIMONDSTEIN, PRESIDENT OF<br>THE AMERICAN POSTAL WORKERS; and<br>FREDRIC V. ROLANDO, PRESIDENT<br>OF THE NATIONAL ASSOCIATION OF<br>LETTER CARRIERS;<br><br>Defendants. | **8:20CV394**<br><br><br>**ORDER** |

This matter is before the Court on various issues concerning service of process.

**BACKGROUND**

Plaintiff, pro se, filed a Complaint against the above-captioned defendants in Nebraska state court on September 1, 2020.  (Filing No. 1-1).  Defendants, United States Postal Service ("USPS") and Postmaster General Louis DeJoy, removed the case to this court on October 1, 2020.  (Filing No. 1).  Defendants Fredric V. Rolando, USPS, and Postmaster General DeJoy have filed responsive pleadings to the Complaint in the form of motions to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure.  (Filing Nos. 13 & 24).

On November 10, 2020, Plaintiff filed a Motion for Default Judgment (Filing No. 18) against defendant Mark Dimondstein, President of the American Postal Workers Union ("APWU").  Plaintiff's motion for default states that she "mailed a complaint . . . to the APWU by certified mail" sometime "in September."

On December 31, 2020, after review of the filings in this case to date, the undersigned magistrate judge entered an order requiring Plaintiff to demonstrate proof of service upon defendant Dimondstein pursuant to Fed. R. Civ. P. 4(m).  (Filing No. 33).  In response, Plaintiff filed various documents, including a filing entitled, "Proof of service to Mark Dimondstein."  This filing contains a photograph of a certified mail return receipt addressed to "AWPU, 1300L Street NW, Washington, DC 20005" that only contains Plaintiff's own signature and no date.  (Filing No. 40-1 at p. 1).  The USPS tracking printout provided by Plaintiff shows that an item was received

at a front desk or mail room on September 8, 2020, in Washington DC, 20005, but there is no signed and dated receipt for that delivery.  (Filing No. 40-1).

On January 3, 2021, Plaintiff filed a Motion for Summons (Filing No. 39) asking for the clerk of court to issue summons to Dimondstein, Rolando, and Dejoy.

## ANALYSIS

A defendant must be served with summons and a copy of the complaint.  Plaintiff purports to have served Dimondstein by certified mail.  Under Nebraska law, certified mail service requires "a return receipt requested showing to whom and where delivered and the date of delivery, and . . . filing with the court proof of service with the signed receipt attached."  Neb. Rev. Stat. § 25-505.01(c); see Fed. R. Civ. P. 4(e)(providing that service of an individual may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]").  Plaintiff's "proof of service" only contains an undated return receipt with her own signature.  This is insufficient to demonstrate Dimondstein has been properly served.  Although Plaintiff is proceeding pro se, she is not excused from complying with court orders or substantive and procedural law.  See *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988).  Plaintiff's proof of service to the court is insufficient.

Relatedly, Plaintiff has filed a "Motion for Summons" asking for the clerk of court to issue summons to Dimondstein, Rolando, and Dejoy.  Plaintiff is responsible for serving all named defendants to her lawsuit.  Plaintiff must fill out a summons form for each defendant she is suing and request that the clerk issue the summons.  Summons forms are available on the court's website at http://www.ned.uscourts.gov/forms.[1]  To the extent Plaintiff's motion requests some court action, it is denied.

Under the circumstances, the Court will grant Plaintiff with an extension of time to March 5, 2021, to complete proper service of process upon Dimondstein.  To obtain service of process on Dimondstein, Plaintiff must complete and return the summons forms available on the Court's public website and complete service of process of the summons and a copy of her Complaint by an approved method.  See Fed. R. Civ. P. 4(e), (h); Neb. Rev. Stat. §§ 25-505.01 & 508.01.  Plaintiff

---

[1] Defendants Rolando and Dejoy have appeared in this action and filed responsive pleadings to Plaintiff's Complaint and have not raised insufficient service of process as a defense.  Therefore, it does not appear that summons need to be requested as to those defendants at this time.

may also consider accessing this district's resources for individuals proceeding without an attorney, available at https://www.ned.uscourts.gov/public/proceeding-without-an-attorney.

Because Plaintiff has not demonstrated that Dimondstein has properly been served, Plaintiff's motion for default judgment against Dimondstein must be denied. And, even had Plaintiff demonstrated that Dimondstein was properly served and failed to plead or otherwise defend, Plaintiff's motion must also be denied because she did not first obtain clerk's entry of default under Rule 55(a) before moving for default judgment under Rule 55(b). See *Dataglobal GMBH v. Doculynx, Inc.*, No. 8:18CV442, 2019 WL 1099949, at *1 (D. Neb. Mar. 8, 2019)(securing  default judgment is a two-step process; "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

Finally, Plaintiff has filed a "Motion for Hearing" (Filing No. 42) based on a "conflict of interest based on the United States Postal Service counsel, the Attorney General" because "The Federal Attorney General acts as the 'People's Lawyer' and I am a citizen of the United States and I should have the Attorney General on my side as my counsel too." USPS is represented by a local Assistant United States Attorney. Plaintiff misunderstands the role of the United States Attorney. United States Attorneys represent the federal government in federal courts. Plaintiff has sued an agency of the federal government and it is the role of the United States Attorney to represent the interests of the federal government, not Plaintiff. Therefore, Plaintiff's motion is denied.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Default Judgment (Filing No. 18) against defendant Mark Dimondstein is denied.

2. Plaintiff's Motion for Summons (Filing No. 39) is denied.

3. Plaintiff's Motion for Hearing (filing No. 42) is denied.

4. Plaintiff shall have an extension of time to March 5, 2021, to complete proper service of process upon defendant Mark Dimondstein. To obtain service of process on Dimondstein, Plaintiff must complete and return the summons forms available on the Court's public website and complete service of process by an approved method. See Federal Rule of Civil Procedure 4(e), (h); Neb. Rev. Stat. §§ 25-505.01 & 508.01.

Failure to demonstrate proper service upon defendant Dimondstein will result in his dismissal as a defendant.  See Fed. R. Civ. P. 4(m).

Dated this 2nd day of February, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge