IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE R. HURD,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES POSTAL SERVICE, POSTMASTER GENERAL, Louis DeJoy; MARK DIMONDSTEIN, President of the American Postal Workers; and FREDRIC V. ROLANDO, President of the National Association of Letter Carriers;<br><br>　　　　　　Defendants. | 8:20-CV-394<br><br><br>MEMORANDUM AND ORDER |

　　　　This case concerns a dispute over debts owed to the United States Postal Service ("USPS") by its former employee, plaintiff Susanne R. Hurd[1], who is proceeding pro se. Now before the Court are motions to dismiss submitted by defendants USPS and Postmaster General Louis DeJoy (collectively "the government defendants"), Filing 24, and Fredric V. Rolando, President of the National Association of Letter Carriers ("NALC"), Filing 13. Also before the Court are Defendants' Joint Motion to Strike Hurd's Amended Complaint, Filing 32; Hurd's motions to strike Rolando's Motion to Dismiss and his reply brief in support of it, Filing 17 and Filing 22; and Hurd's Motion for Leave to Proceed in Forma Pauperis, Filing 44. For the reasons stated below, the motions to dismiss are granted, Hurd's motions are denied, and this case is dismissed with prejudice.

**I.　　BACKGROUND**

　　　　Hurd initially filed the present action in state court in September, 2020, and the government defendants removed the case to federal court in October, 2020. Hurd asks the Court to force the USPS to pay back her "2017 and 2018 Federal Taxes plus damages and interest for illegally

---

[1] Plaintiff is also known as Susanne Becker and originally filed the present case under that name. *See* Filing 1-1. The name Hurd is used in this case to match Plaintiff's PACER account.

1

defrauding [her] by issuing [her] a demand letter for money that was paid to [her] in a APWU union agreement." Filing 1-1 at 1 (presumably seeking her tax refunds garnished through the Treasury's offset program for collecting debts owed to government agencies). She alleges that in 2011 she went from being a mail carrier to a clerk for USPS, and the clerks' union, the American Postal Workers Union ("APWU"), won backpay for its members in arbitration[2] with USPS, entitling her to backpay. Filing 1-1 at 1. Hurd received a payout from USPS pursuant to the arbitration agreement in 2016, but in April of 2017, she received a notice from USPS demanding she pay back some of the money, as the agency had overpaid her. Filing 1-1 at 1. In 2018 and 2019, she alleges "USPS had the IRS" took her 2017 and 2018 tax refunds "without due process." Filing 1-1 at 1. She further alleges "the unions" (NALC and APWU) refused her "numerous" requests for help, causing USPS to steal her tax refunds. Filing 1-1 at 1.

Hurd's Complaint does not make clear the precise nature of her claims. She does clearly claim that she was deprived of due process and that she did not receive "representation from the unions to fix this issue." Filing 1-1 at 1. Her statement that USPS was "illegally defrauding" her also suggests she contests whether she was obligated to return the money that USPS claimed it overpaid her. See Filing 1-1 at 1.

As defendants in this matter, Hurd named the Postmaster General; USPS; Fredric Rolando, President of the NALC; and Mark Dimondstein, President of the APWU. Filing 1-1 at 1. She did not name NALC and APWU as defendants. See Filing 1-1 at 1. Hurd has not demonstrated service of process on Dimondstein, and he has not appeared in the present litigation. See Filing 43 (Magistrate's order explaining why Hurd's attempt at providing proof of service was insufficient and extending the service deadline).

---

[2] Hurd also attaches arbitration documents to her Complaint. See Filing 1-1 at 3-34.

## II. DISCUSSION

A total of six motions are now pending before the Court. The government defendants move to dismiss Hurd's claims alleging a lack of subject-matter jurisdiction under Rule 12(b)(1) and a failure to state a claim under Rule 12(b)(6). Filing 24. Rolando moves to dismiss Hurd's claims against him under Rules 12(b)(2) and 12(b)(6), asserting the Court lacks personal jurisdiction over him, and Hurd fails to state a claim. Filing 13. Hurd moves to strike Rolando's Motion to Dismiss and a brief in support of his motion. Filing 17; Filing 22. Rolando and the government defendants jointly move to strike Hurd's Amended Complaint as improperly filed. Filing 32. Finally, in order to get the Marshals Service to serve Dimondstein, Hurd moves for leave to proceed in forma pauperis. Filing 44 ("I am submitting this form . . . so that the U.S Marshall [sic] will serve Mark Diamondstein [sic] of the APWU."). The Court addresses each motion in turn.

### A. Motion to Dismiss Standards of Review

*1. 12(b)(1) – Lack of Subject-Matter Jurisdiction*

"Rule 12(b)(1) . . . governs challenges to subject matter jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1),[3] the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843–44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to

---

[3] A motion to dismiss for lack of subject-matter jurisdiction may be asserted at any time. Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

3

jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730.

When the complaint is factually challenged, "[t]he plaintiff bears 'the burden of proving the existence of subject matter jurisdiction,' and [the court] may look at materials 'outside the pleadings'" when determining whether it has jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). "[N]o presumptive truthfulness attaches to [the plaintiff's] allegations, and the existence of disputed material facts will not preclude [the court] from evaluating . . . the merits of jurisdictional claims." *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d at 730). "It is the court's duty to 'decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue.'" *Buckler*, 919 F.3d at 1044 (quoting *Osborn*, 918 F.2d 724).

2. 12(b)(2) – Lack of Personal Jurisdiction

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)); *see also K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011) ("To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists."). "A plaintiff's prima facie showing 'must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion.'" *Fastpath*, 760 F.3d at 820 (quoting *K-V Pharm.*, 648 F.3d at 592). If no

4

hearing is held, district courts view "the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor." *Id.* [T]he party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." *Id.* (citing *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003)).

"Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291-92 (1980)). "Sufficient minimum contacts requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* at 821 (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011)). A defendant's "conduct and connection with the forum State" must be "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 287.

### 3. 12(b)(6) – Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

### B. Government Defendants' Motion to Dismiss

The government defendants move for dismissal of Hurd's Complaint based on a lack of subject-matter jurisdiction and a failure to state a claim under Rules 12(b)(1) and 12(b)(6); in the alternative, the government defendants move for summary judgment. Filing 24. The government defendants argue sovereign immunity bars Hurd's *Bivens* claim[4] alleging violations of her Constitutional right to due process against USPS and the Postmaster General. Filing 26 at 6-8. They further argue Hurd's failure to exhaust available administrative remedies leaves Hurd without a viable claim under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701 *et seq*. Filing 26 at 8-10. In response to the government defendants' motion, Hurd submitted invoices showing her alleged debt to USPS, Filing 28, and filed what appears to be an Amended Complaint[5]

---

[4] "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

[5] Hurd's Amended Complaint is addressed in Section II-D below in relation to Defendants' Joint Motion to Strike, Filing 32.

alleging violations of the Due Process Clause of the Fifth Amendment and wire fraud. Filing 27. Neither response addressed the government defendants' arguments. *See* Filing 28; Filing 27. The Court agrees with the government defendants that it lacks subject-matter jurisdiction to hear Hurd's *Bivens* claim, and Hurd states no other claim related to her debt.

"It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Buford*, 160 F.3d at 1203 (citing *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982)). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (alteration in original) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, (1941)). While a *Bivens* claim can be brought against a government agent in his or her individual capacity for constitutional violations the agent personally commits, such claims cannot be brought against a federal official in his or her official capacity because sovereign immunity bars such claims. *Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000). The Eighth Circuit has held that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Further, "there is no respondeat superior liability in *Bivens* actions; defendants are liable for their personal acts only." *Buford*, 160 F.3d at 1203 n.7 (citing *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

Because USPS is a federal agency, Hurd's *Bivens* claim against it is barred by sovereign immunity, and this Court lacks jurisdiction over the claim. *See Meyer*, 510 U.S. at 475. Further, Hurd's Complaint does not specify whether she intends to sue the Postmaster General in his official

7

or individual capacity, which courts in the Eighth Circuit interpret to mean she sues him in his official capacity only.[6] *See Johnson*, 172 F.3d at 535. Thus, Hurd's constitutional claims that the government defendants violated her Fifth Amendment right to due process are barred by sovereign immunity and should be dismissed with prejudice.

Hurd also fails to state a claim under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701 *et seq*. It is undisputed Hurd's debt to USPS was referred to the United States Treasury for collection, pursuant to 31 U.S.C. § 3716. *See* Filing 1-1 at 1 (Hurd alleging she received a letter in April, 2017, demanding payment and USPS had the Internal Revenue Service ("IRS") take her 2017 and 2018 tax returns); Filing 26 at 9 (noting "USPS Finance Department referred the remaining amount of the debt to the Department of Treasury for collection."). An agency may refer delinquent debt to the Treasury for administrative offset after providing written notice to the debtor and providing an opportunity to resolve the matter within the agency, pursuant to agency regulations. 31 U.S.C. § 3716(a)-(b). Hurd makes no allegation that she was not provided with ample notice; to the contrary, Hurd notes that she was provided with notice and "the unions" refused to help her dispute the debt. *See* Filing 1-1.

USPS regulations concerning administrative offsets provide that within fifteen days of receiving notice, a debtor employee can challenge the debt the agency asserts he or she owes by petitioning for a hearing. 39 C.F.R. § 961.4. A former employee receiving notice of an administrative offset can request a hearing provided he or she "requested reconsideration of the Postal Service's determination of the existence or amount of the alleged debt and/or the offset schedule proposed by the Postal Service within thirty (30) calendar days of receiving the notice"

---

[6] Even if Hurd had sued the Postmaster General in his individual capacity, her claim against him would be dismissed under Rule 12(b)(6) because she has not alleged any "personal act" taken by him to deprive her of her rights, and therefore does not state a claim against him. *See Buford*, 160 F.3d at 1203 n.7 ("[*Bivens*] defendants are liable for their personal acts only."); Filing 1-1.

8

of the debt. 39 C.F.R. § 966.4(a). "Referral to the [Treasury's offset program], an administrative program, is done once the head of a federal agency determines the debtor is delinquent." *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012) (citing 31 U.S.C. § 3716(a)). Debtors referred to the Treasury's offset program must exhaust administrative remedies before seeking redress in the courts. *Id.* Hurd's allegation that she received a letter in April, 2017, notifying her of her debt makes clear that she is now years beyond the period of time in which she was able to dispute USPS's determination of her debt and its referral of her debt to the Treasury for collection. Thus, the face of her Complaint makes clear she failed to exhaust the administrative remedies available to her, and she cannot now pursue her claim in this Court. This claim is therefore dismissed with prejudice.

### C. Rolando's Motion to Dismiss

Rolando moves for dismissal of any claims against him, alleging a lack of personal jurisdiction and Hurd's failure to state a claim under Rules 12(b)(2) and 12(b)(6). Filing 13. In addition to asserting a lack of personal jurisdiction, Rolando argues any claim Hurd attempts to assert against him or NALC amounts to a claim for breach of the union's duty of fair representation. Filing 14 at 3-4, 6. He further argues that such claims can be brought only against the union, and not its officers, and any claim Hurd may have once had against the union is time-barred. Filing 14 at 5-6. In response, Hurd argues the Court has personal jurisdiction over Rolando because Jacob Wilkinson represents the local Nebraska chapter of NALC and was assigned to that

9

position by Rolando.[7] Filing 20-1 at 1.[8] Hurd also argues her claim is not time barred "[be]cause the misrepresent [sic] did happen and because of this injustice I was wrongly defrauded of more than just my taxes," and quotes "FRCP Rule (f)" for the proposition that "an allegation of time or place is material when testing the sufficiency of a pleading." Filing 20-1 at 1.[9] In a separate response to Rolando's motion, Hurd filed the same Amended Complaint she filed in response to the government defendants' Motion to Dismiss. See Filing 23; Filing 27. The Court agrees with Rolando that Hurd has failed to show that the Court has personal jurisdiction over him. The Court also agrees that any amendment to the Complaint to sue NALC would be futile, as Hurd's claims are time-barred.

Hurd offers no evidence of any contacts between Rolando and Nebraska; she merely alleges that the local union representative "is assigned in the position for Fredric Rolando." Filing 19 at 1. The burden of proof is on Hurd to come forward with sufficient evidence to demonstrate Rolando's sufficient minimum contacts with Nebraska. See *Fastpath*, 760 F.3d at 820. Even viewing Hurd's allegation in the light most favorable to her, the Court finds Hurd has not met her burden of demonstrating Rolando has purposefully availed himself of the protections of Nebraska's laws. See *Fastpath*, 760 F.3d at 820. Thus, the Court must dismiss Rolando for a lack of personal jurisdiction.

---

[7] Hurd also moves to strike Rolando's Motion to Dismiss because his attorney "did not notify herself as the attorney for the United State Postal Service or Postmaster General." Filing 17; Filing 17-1. The Court denies Hurd's motion. There is no indication Rolando's counsel was attempting to represent the government; counsel's arguments focus on Rolando.

[8] Hurd also filed a Motion to Strike Rolando's Reply Brief in support of his motion. Filing 22. In it, she asserts the Court has jurisdiction under statutes addressing venue, 28 U.S.C. § 1391, subject-matter jurisdiction, 28 U.S.C. §§ 1331, 1339; 39 U.S.C. § 1208, and declaratory judgments, 28 U.S.C. § 2202. Filing 22. She does not provide anything from which the Court could conclude it has personal jurisdiction nor does she offer any legally-sufficient reason the Court should strike Rolando's brief. See Filing 22.

[9] The Court notes that the language quoted by Hurd appears to be from Federal Rule of Civil Procedure 9(f).

Even if Hurd were to amend her Complaint to sue the union rather than its president or to sufficiently demonstrate this Court has jurisdiction over Rolando, she would still fail to state a claim. Hurd's Complaint alleges she asked her unions for help in disputing her debt "numerous times" between April, 2017 and when she filed her 2018 income taxes in 2019, and the unions refused. Filing 1-1 (also alleging "none [sic] representation from the unions to fix this issue"). Thus, Hurd's claim is that the unions failed in their duty to fairly represent her. *See, e.g., Cross v. United Auto Workers, Local 1762*, 450 F.3d 844, 846 (8th Cir. 2006) (characterizing a suit against a union for not pursuing grievances on a member's behalf as a suit over breach of the duty of fair representation).

"A union will be found to have breached its duty of fair representation only when its 'conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Buford*, 160 F.3d at 1202 (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). "A union does not act arbitrarily simply because it does not pursue a grievance that it has decided lacks merit. This is true even if a judge or jury later determines that the grievance is meritorious." *Cross*, 450 F.3d at 847 (quoting *Sanders v. Youthcraft Coats & Suits, Inc.*, 700 F.2d 1226, 1229 (8th Cir. 1983)). When a court undertakes a substantive review of a union's performance, the review is highly deferential to the union. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991).

As relevant to a claim brought against a union president, the Supreme Court has held in multiple contexts that federal labor law "evidences 'a congressional intention that the union as an entity, like a corporation, should in the absence of agreement be the sole source of recovery for injury inflicted by it'" and therefore, a union's "officers and members are not liable for [the] damages" caused by the union. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962) (quoting *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 470 (1960)); *see also Williams v. U.S. Postal*

11

*Serv.*, 834 F.Supp. 350, 351 (W.D. Okla. 1993), *aff'd*, 35 F.3d 575 (10th Cir. 1994) (holding union officers are "immune from personal liability" for "actions taken within the course of their duties"). Further, a claim for a violation of a union's duty of fair representation must be filed within six months of when a plaintiff "should reasonably have known of the union's alleged breach." *Becker v. Int'l Bhd. of Teamsters Local 120*, 742 F.3d 330, 333 (8th Cir. 2014) (quoting *Scott v. UAW Local 879*, 242 F.3d 837, 839 (8th Cir. 2001)); *see also Wanner v. Hormel Foods, Inc.*, 179 F.Supp.3d 929, 936 (D. Neb. 2016) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 170 (1983)) ("A 6-month statute of limitations applies to claims for breach of the duty of fair representation."); *Hurd v. Nat'l Ass'n of Letter Carriers*, No. 8:19-cv-209, 2019 WL 2422603, at *3 (D. Neb. June 10, 2019) (same).

Hurd fails to allege any act personally undertaken by Rolando in her Complaint; she merely alleges the union did not represent her as it should have. *See* Filing 1-1 at 1. Hurd cannot state a claim against Rolando, NALC's president, by merely asserting the union wronged her. *See Atkinson*, 370 U.S. at 249 (noting a union's "officers and members are not liable for [the] damages" caused by the union). Hurd's Complaint also makes clear on its face that any claim that NALC breached its duty to fairly represent her in disputing her debt or her referral to the Treasury is well beyond the six-month time limit to file such a claim. *See* Filing 1-1 at 1 (stating she received a demand for repayment of debt in 2017, had her tax refunds taken in 2018 and 2019 for the preceding tax years, and the unions refused her numerous requests for help). From the face of her Complaint as read most favorably to her, it is clear that Hurd knew or should have known the unions were not going to assist with any grievance she had by 2019, at the latest. *See* Filing 1-1. Thus, her claim that the unions breached their duties of fair representation had certainly accrued in 2019, and she was bound to bring or forfeit any such claim within six months. *See Becker*, 742

12

F.3d at 333 (noting fair representation claims must be brought within six months of plaintiff's awareness of the breach). The present suit was not filed until September of 2020, Filing 1-1, so there is no way Hurd's claims were brought within the requisite six-month time period, and it is clear no amendment could cure such defect. Accordingly, Hurd's claim that NALC, or its president, Rolando, failed to fairly represent her must be dismissed with prejudice.

### D. Joint Motion to Strike Hurd's Amended Complaint

Rolando and the government defendants jointly move to strike Filing 23 and Filing 27. Filing 32. As noted above, Hurd filed these documents as responses to Defendants' motions to dismiss, but they are clearly amended complaints. *See* Filing 23 (titled "reply on dismissal of USPS" but stating the nature of the action; alleging violations of Hurd's Fifth and Fourteenth Amendment rights; alleging jurisdiction and the parties' identities; asserting a new cause of action for wire fraud; and demanding over one million dollars in punitive and other damages); Filing 27 (same). Defendants assert the amendment is untimely. The Court agrees with them.

"A party may amend its pleading once as a matter of course within" twenty-one days of serving it, or, if a responsive pleading will be required, the earlier of twenty-one days after service of a responsive pleading or a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1). A party may otherwise amend its pleadings only with written consent of opposing parties or the Court's leave, which should be given freely when "justice so requires." Fed. R. Civ. P. 15(a)(2). Rolando's Motion to Dismiss, Filing 13, was filed on November 9, 2020, under Rule 12(b). Thus, Hurd's Amended Complaint, Filing 23, which was first filed on December, 9, 2020, was not filed within twenty-one days of Rolando's Rule 12(b) motion. Hurd did not obtain written consent from the parties nor leave from the Court to amend her Complaint. *See* Filing 32. Thus, Defendants' motion is granted.

The Court also notes that even if it were to consider Filing 23 and Filing 27 as motions for leave to amend Hurd's Complaint, the Court would deny them as futile. *See Lansing v. Wells Fargo Bank, N.A.*, 894 F.3d 967, 974 (8th Cir. 2018) (noting the "district court properly denies leave when a proposed amendment would be futile"). The constitutional claims Hurd sets forth in Filing 23 and Filing 27 suffer from the same deficiencies noted with respect to the government defendants in Section II-A above. *See* Filing 23 at 2-4. As to any claim disputing her debt, Hurd adds the names of many other individuals she alleges were involved with defrauding her through a "fake grievance process," but she makes no jurisdictional allegations concerning them, just as she failed to sufficiently allege personal jurisdiction over Rolando here. Filing 23 at 4-5. She also fails to mention any specific action or omission committed by most of them. *See* Filing 23. She further alleges the unions and USPS engaged in wire fraud. Filing 23 at 8-12. The closest she comes to making non-conclusory allegations of how she was defrauded and by whom, however, is when she states her assumption that three individuals who she had dealt with before must have conspired against her. Filing 23 at 6-7 ("In April 2017, I received a letter for a grievance over payment. I was upset because I figured Debbie Wademan, and Jacob Wilkinson's was at fault for this overpayment because they got together with Kathy Hand and denied me of my original position back in 2011 . . . ."). The face of Hurd's original Complaint makes clear the claims she seeks to assert are jurisdictionally or statutorily barred, and her apparent attempt to amend does not cure the discrepancies. Her bald allegation of wire fraud does not change that. Thus, assuming Filing 23 and Filing 27 were attempts to amend Hurd's Complaint, such attempts are futile, and leave sought to that effect would be denied.

**E. Hurd's Motion for Leave to Proceed in Forma Pauperis**

Also before the Court is Hurd's motion to proceed in forma pauperis. Filing 44. Hurd filed her request to proceed without fees after Magistrate Judge Michael Nelson denied her motion for default judgment against defendant Mark Dimondstein, the President of APWU, the other union Hurd asserts breached its duty of fair representation. *See* Filing 43. In his order, Judge Nelson also denied Hurd's motion for a summons and referred her to the District of Nebraska's public website for assistance with serving Dimondstein, giving her until March 5, 2021, to demonstrate proper service of process. Filing 43 at 3. On February 5, 2021, Hurd filed the present motion to proceed in forma pauperis "so that the U.S. Marshall [sic] will serve Mark Diamondstein [sic] of the APWU." The Court now denies her motion and dismisses her claims against Dimondstein.

28 U.S.C. § 1915 governs proceedings in forma pauperis. It provides that "the court shall dismiss the case at any time" if it determines that the action is frivolous or malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Whether leave to proceed in forma pauperis should be granted is to be decided initially on the basis of the complaint, before issuance and service of process." *Gentile v. Mo. Dept. of Corr. & Human Res.*, 986 F.2d 214, 217 (8th Cir. 1993). Complaints obviously subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) "should be dismissed out of hand" before service of process. *Id.* (addressing frivolous and malicious complaints). Hurd's Complaint does not distinguish between the unions or their presidents in its allegations. *See* Filing 1-1 at 1 ("I asked numerous times from the *unions* to help but they again refused." (emphasis added)). Thus, for the same reasons Hurd does not and cannot state a claim against Rolando or NALC, as detailed in Section II-C above, she does not and cannot state a claim against Dimondstein or APWU. Accordingly, her Complaint is dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions are granted, and Hurd's claims are dismissed with prejudice.

IT IS ORDERED:

1. Defendant Fredric Rolando's Motion to Dismiss, Filing 13, is granted;
2. All claims against Rolando are dismissed with prejudice;
3. Plaintiff's Motion to Strike, Filing 17, is denied;
4. Plaintiff's Motion to Strike, Filing 22, is denied;
5. Defendants Postmaster General and United States Postal Service's Motion to Dismiss, Filing 24, is granted;
6. All claims against the Postmaster General and the United States Postal Service are dismissed with prejudice;
7. Defendants' Joint Motion to Strike, Filing 32, is granted;
8. Plaintiff's Amended Complaints, Filing 23; Filing 27, are stricken;
9. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing 44, is denied;
10. All claims against defendant Mark Dimondstein are dismissed with prejudice;
11. This case is terminated; and
12. A separate judgment will be entered.

Dated this 30th day of April, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge